THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEGAN BALES, *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMRINDER MAHAL, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C25-1985-JCC<br><br>ORDER |

 This matter comes before the Court on Plaintiffs' motion to remand (Dkt. No. 8). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

 Plaintiffs sued Defendants Amrinder Mahal and Bulls Transport Canada Ltd. in King County Superior Court following a traffic accident, asserting claims under state law. (*See* Dkt. No. 6-2.) Defendant Amrinder Mahal removed the action based on diversity jurisdiction, which Defendant Bulls Transport joined. (*See* Dkt. No. 6.) Plaintiffs contend that the removal was untimely. (*See generally* Dkt. No. 8.) Thus, they move to remand. (*Id.*)

 Disposition of Plaintiffs' motion turns on issue(s) of proof as to the time of service. Plaintiffs present a notarized affidavit that Mr. Mahal was personally served on August 20, 2025. (*Id.* at 7.) Whereas Defendants (who collectively oppose remand) provide the Court with a

declaration from Mr. Mahal, along with supporting exhibits, professing that Mr. Mahal did not reside at the residence where service purportedly occurred and that he only later learned of this suit weeks later from an individual that was living at the residence at the time of purported service. (Dkt. No. 10.) If true, Mr. Mahal's removal would be timely. Otherwise, it would not.

On issues of service (and accordingly proof), this Court looks to Washington law. *See* Fed. R. Civ. P. 4(e)(1); *see, e.g.*, *Russell v. WADOT Capital, Inc.*, 2023 WL 3791823, slip op. at 2 (W.D. Wash. 2023). It provides that an affidavit of service is presumed valid if regular in its form and substance. *State ex rel. Coughlin v. Jenkins*, 7 P.3d 818, 822 (Wash. Ct. App. 2000). Whereas, one contesting service must do so by clear and convincing evidence. *Vukich v. Anderson*, 985 P.2d 952, 954 (Wash. Ct. App. 1999). Here, Plaintiff presents the Court with just such an affidavit. (Dkt. No. 8 at 7.) Thus, Defendants must offer clear and convincing countervailing evidence. They fail to do so. Their self-serving affidavit, (*see* Dkt. No. 10), is insufficient. *See, e.g.*, *State ex rel. Coughlin*, 7 P.3d at 821; *Saxon Mortg. Services, Inc. v. Hillery*, 2008 WL 5170180, slip op. at 3 (N.D. Cal. 2008).

Accordingly, Plaintiffs' motion for remand (Dkt. No. 8) is GRANTED. The Clerk is DIRECTED to remand this case to King County Superior Court.

DATED this 19th day of December 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE